UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE HOOSIER,

        Plaintiff                 Case No. 2:16-10688
                                                 District Judge Denise Page Hood
v.                                        Magistrate Judge Anthony P. Patti

WENDY LIU, *et al.*,

        Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 24)

This matter is before the Court for consideration of Plaintiff Dwayne Hoosier's motion for appointment of counsel. (DE 24.) For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this lawsuit under 42 U.S.C. § 1983, alleging claims of deliberate indifference to his medical needs, leading to a diagnosis of ulcerative colitis and complications from medications prescribed to him. (DE 1.) He names nine Defendants in his complaint, and all appear to be medical professionals who treated him during his various illnesses. To date, seven of the nine Defendants have been served and filed an answer on May 26, 2016. (DE 22.)

Plaintiff filed this motion for appointment of counsel on July 1, 2016.  (DE 24.)  In his motion, he asks the court to appoint an attorney in this civil matter because is unable to afford counsel and his imprisonment impinges on his ability to litigate the case successfully.

## II.    ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)."  *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be

2

deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004). [1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a request for appointment of counsel. Plaintiff contends that he is indigent and unable to afford counsel and that his imprisonment will limit his ability to litigate this case. Such factors would apply to nearly every *pro*

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

3

*se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances. Further, the claims in Plaintiff's complaint do not involve complex issues. Moreover, Plaintiff has on several occasions illustrated his ability to articulate his claims clearly and adequately communicate his requests to the Court. For example, his complaint consists of over 175 numbered paragraphs in which he lays out the facts of his case in a well-organized manner. Further, even the instant motion is thorough and clear in outlining his reasons for requesting the appointment of counsel. Finally, there is no indication that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this civil case.

The Court does note Plaintiff's contention that the help of counsel would be beneficial when preparing for trial. However, such preparation is premature as this case is in its infancy. Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.** (DE 24.) Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: July 14, 2016                    s/Anthony P. Patti
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE

4