UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE HOOSIER,

            Plaintiff                           Case No. 2:16-10688
                                                    District Judge Denise Page Hood
v.                                          Magistrate Judge Anthony P. Patti

WENDY LIU, *et al.*,

            Defendants.
_____/

**ORDER GRANTING AS UNOPPOSED DEFENDANTS' MOTION TO STAY DISCOVERY ON ALL ISSUES EXCEPT PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES (DE 27) AND SETTING DEADLINES FOR SIMILAR DISPOSITIVE MOTIONS**

This matter is before the Court for consideration of the motion by Defendants Wendy Liu, N.P., Shi-Yu Tan, MD, Rickey Coleman, M.D., Steven Bergman, M.D., Badawi Abdellatif, MD, and Kim Farris (collectively "the moving Defendants") to stay discovery on all issues except whether Plaintiff exhausted his administrative remedies. (DE 27.) For the reasons that follow, the moving Defendants' motion is **GRANTED AS UNOPPOSED**.

**I. BACKGROUND**

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this lawsuit under 42 U.S.C. § 1983, alleging claims of deliberate indifference to his medical needs, leading to a diagnosis of ulcerative colitis and complications from

medications prescribed to him.  (DE 1.)  He names eleven Defendants in his complaint, one of which is listed as Jane Doe, and all appear to be medical professionals who treated him during his various illnesses.  To date, seven of the eleven Defendants have been served and filed an answer on May 26, 2016.  (DE 22.)

The moving Defendants filed this motion to stay discovery on July 21, 2016. (DE 27.)  In the motion, those Defendants ask the Court to stay discovery on all matters except whether Plaintiff has exhausted his administrative remedies until the Court resolves a motion for "partial summary judgment on the pleadings" pursuant to Fed. R. Civ. P. 12(c) filed by Defendants Bergman, Coleman, Liu and Tan.  (DE 26.)  I issued an order on July 22, 2016 which required Plaintiff to respond to the motion to stay and the motion for summary judgment by September 6, 2016.  (DE 28.)  Plaintiff submitted a response to the motion for partial summary judgment on the pleadings (DE 30), but did not respond to the motion to stay.

## II.    ANALYSIS

The Rule 12(c) motion alleges that Plaintiff failed to exhaust his administrative remedies on all claims against Defendants Bergman, Coleman and Tan, and failed to exhaust his administrative remedies regarding most claims against Defendant Liu.  The moving Defendants thus assert that judicial economy

2

and efficiency are best served by staying discovery until the Rule 12(c) motion is resolved because granting that motion would clarify, and potentially reduce, both the number of viable claims and Defendants.

The Court expresses no opinion at this time on the merits of the Rule 12(c) motion.  However, the Court agrees with the moving Defendants that staying discovery until the Rule 12(c) motion is resolved would be an efficient way to reduce or eliminate any unnecessary usage of resources.  *See, e.g., Chavous v. Dist. Of Columbia Financial Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D. D. C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'") (quoting *Coastal States Gas Corp. v. Department of Energy,* 84 F.R.D. 278, 282 (D.Del.1979)); *Cromer v. Braman*, 2007 WL 3346675, at *1 (W.D. Mich. Nov. 7, 2007) (quoting *Chavous* and staying discovery pending resolution of dispositive motions based upon allegations that a *pro se* plaintiff failed to exhaust administrative remedies).

Moreover, LR 7.1(e)(2)(B) requires a party to respond to a nondispositive motion within fourteen days.  That deadline has passed without Plaintiff responding to the motion to stay, meaning the motion may be deemed unopposed.

For the foregoing reasons, the motion to stay discovery pending resolution of the Rule 12(c) motion (DE 27) is **GRANTED AS UNOPPOSED.** All discovery in this action shall be stayed pending the Court's resolution of the extant Rule 12(c) motion, except discovery related to the limited question of whether Plaintiff properly and fully exhausted his administrative remedies.

Additionally, the Court hereby orders that any and all additional dispositive motions based on failure to exhaust administrative remedies shall be filed on or before **December 9, 2016** or they shall be barred.

**IT IS SO ORDERED.**

Dated: November 10, 2016                s/Anthony P. Patti
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 10, 2016, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti

4