UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE HOOSIER,

       Plaintiff                            Case No. 2:16-10688
                                              District Judge Denise Page Hood
v.                                            Magistrate Judge Anthony P. Patti

WENDY LIU, *et al.*,

       Defendants.
_____/

## ORDER GRANTING AS UNOPPOSED DEFENDANTS' MOTION FOR DISCLOSURE ORDER UNDER HIPAA (DE 32)

      Plaintiff, Dwayne Hoosier, a state prisoner who is proceeding without the assistance of counsel, filed his complaint and application to proceed without prepayment of fees on February 24, 2016. (DE 1, 2.) Pending now is a motion filed on October 19, 2016 by Defendants Wendy Liu, Badawi Abdellatif, Kim Farris, Shi-Yu Tan, Rickey Coleman, Karen Rhodes and Steven Bergman (collectively "Defendants") for a disclosure order or protective order under the Health Insurance Portability and Accountability Act ("HIPAA"). (DE 32.) For the following reasons, the Court will **GRANT** Defendants' motion for disclosure order.

The gist of *pro se* Plaintiff's complaint is that he received improper/insufficient medical care from the Michigan Department of Corrections ("MDOC"). As Defendants accurately assert, therefore, Plaintiff has placed his medical history/condition during the events mentioned in the complaint at issue.

Under HIPAA, health care providers may disclose otherwise protected health information without a person's consent under certain exceptions. Among the exceptions is disclosure made during a judicial proceeding under 45 C.F.R. § 164.512(e)(1). Specifically, "there are three ways in which Defendant[s] may comply with 45 C.F.R. § 164.512(e)(1): [O]btaining a court order, sending a subpoena or discovery request where plaintiff has been given notice of the request, or sending a subpoena or discovery request where reasonable effort has been made to obtain a qualified protective order." *Croskey v. BMW of North America,* 2005 WL 4704767, at *2 (E.D. Mich. Nov. 10, 2005) (quotation marks omitted).

Specifically:

> 45 C.F.R. § 164.512(e) actually contemplates two kinds of orders: (1) an order under 45 C.F.R. § 164.512(e)(1)(i) from the court expressly authorizing disclosure (a "disclosure order") and (2) a qualified protective order under 45 C.F.R. §164.512(e)(1)(ii)(B) and (e)(1)(v) (a "qualified protective order"). These orders are applicable under different circumstances. In the first instance, a covered entity may disclose protected health information identified in the disclosure order upon receipt of the disclosure order. In the second instance, where the covered entity is responding to a subpoena, discovery request, or other lawful process, that is not accompanied by a court order, the covered entity may disclose protected health information if the covered entity receives satisfactory assurance from the party seeking the information

>that reasonable efforts were made to obtain a qualified protective order.

*Brigham v. Colyer*, 2010 WL 2010 WL 2131967, at *2 (D. Kan. May 27, 2010). There is no indication that Defendants have sent subpoenas or discovery requests to Plaintiff's healthcare providers. "Rather, Defendants are seeking an order from the Court allowing . . . *ex parte* communications with [Plaintiff's] treating physicians. Thus, although Defendants state they are seeking a 'qualified protective order,' the Court concludes that Defendants are actually seeking a disclosure order, as described in 45 C.F.R. § 164.512(e)(1)(i)." *Id.* The Court therefore construes the motion at hand as seeking a disclosure order.

Local Rule 7.1(e)(2)(B) requires a response to a nondispositive motion to be filed within fourteen days after service of the motion. That fourteen day period has expired and Plaintiff has not filed a response to Defendants' motion. The motion for disclosure order, therefore, may be granted as unopposed.

In addition, the inherent nature of Plaintiff's claims means that Defendants may wish to contact Plaintiff's healthcare providers. Such contact may be *ex parte* in nature. *See, e.g., Croskey*, 2005 WL 4704767, at *4 ("To allow Plaintiff to block the interview would be inconsistent with HIPAA's structure, and would impede Defendant's access to evidence. For these reasons, 45 C.F.R. § 164.512(e)(1)(ii)(B), as defined by Section 164.512(e)(1)(v), does not require specific notice to Plaintiff's counsel before Defendant conducts an *ex parte*

interview with Plaintiff's treating physician. Nor does it require Plaintiff to consent to such an interview.")

Therefore, Defendants' motion for disclosure order is **GRANTED AS UNOPPOSED** such that Defendants may contact Plaintiff's healthcare providers *ex parte* regarding matters at issue in Plaintiff's complaint. However, Plaintiff's healthcare providers are under no duty to voluntarily speak with Defendants' counsel. Finally, all parties are reminded that formal discovery is stayed pending resolution of a "motion for partial summary judgment on the pleadings," except formal discovery addressing whether Plaintiff exhausted his administrative remedies. (*See* DE 33.)

**IT IS SO ORDERED.**


Dated: November 16, 2016         s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 16, 2016, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti