UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE HOOSIER,

    Plaintiff

v.

WENDY LIU, *et al.*,

    Defendants.
_____/

Case No. 2:16-10688
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE APPOINTMENT OF COUNSEL (DE 49)**

On July 14, 2016, the Court denied without prejudice Plaintiff's motion for appointment of counsel, concluding that he had not described any exceptional circumstances to justify such a request. (DE 25.) Before the Court is Plaintiff's motion for reconsideration, in which he asks the Court to grant his request for appointment of counsel. (DE 49.)

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must demonstrate: 1) a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled; and 2) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). But "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

Here, Plaintiff presents the same arguments as in his first motion for appointment of counsel, namely that he has not been able to retain an attorney, the case deals with complex subject matter, and conducting a trial in this case would be difficult for an incarcerated person proceeding *pro se*. As indicated in the Court's July 14, 2016 order, the above issues apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances. As to Plaintiff's argument about preparing for and conducting a trial, the Court notes, once again, that such a concern is premature. There is currently a motion for summary judgment pending before the Court, to which Plaintiff is required to respond by May 1, 2017. (DE 46.) As stated by the Court in its July 14, 2016 Order, "Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future." (DE 25.) As Plaintiff has

reiterated his initial arguments and not identified a palpable defect, his motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: April 18, 2017					s/Anthony P. Patti
							Anthony P. Patti
							UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on April 18, 2017, electronically and/or by U.S. Mail.

							s/Michael Williams
							Case Manager for the
							Honorable Anthony P. Patti