**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DWAYNE HOOSIER,

Plaintiff, CASE NO. 16-10688
HON. DENISE PAGE HOOD

v.

WENDY LIU, *et al.*,

Defendants.
_______________________________________/

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [# 44]**
**and**
**ORDER ACCEPTING REPORT AND RECOMMENDATION [#40] TO GRANT THE CONSTRUED MOTION FOR PARTIAL SUMMARY JUDGMENT FILED BY DEFENDANTS WENDY LIU, N.P., SHI-YU TAN, M.D., RICKEY COLEMAN, M.D., AND STEVEN BERGMAN, M.D.; AND TO GRANT IN PART THE MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS VICKI CARLSON AND RENYU XUE**

## I. BACKGROUND

On January 23, 2017, Magistrate Judge Anthony P. Patti filed a Report and Recommendation (Doc # 40) on a Partial Motion for Judgment on the Pleadings filed by Defendants Wendy Liu, Shi-Yu Tan, Rickey Coleman, and Steven Bergman (Doc # 26), and a Motion for Summary Judgment filed by Defendants Vicki Carlson and Renyu Xue (Doc # 35). On February 15, 2017, the Court entered an Order Accepting the Report and Recommendation. (Doc # 43) The

Court noted that no objections to the Report and Recommendation had been filed, and that the time to file objections had passed. *Id.* at Pg ID 540.

This matter is now before the Court on Plaintiff Dwayne Hoosier's Motion for Reconsideration filed *pro se* on March 7, 2017. (Doc # 44) Plaintiff argues that he did timely file objections pursuant to the prison mailbox rule.

## II. MOTION FOR RECONSIDERATION

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon are permitted unless the Court orders otherwise. *Id.* at 7.1(h)(2). Plaintiff's Motion is timely filed. *See* Doc # 44, Pg ID 545.

Local Rule 7.1 further states:

> **(3) Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* at 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Plaintiff argues that the Court made a palpable error in its February 15, 2017 Order when it found that no timely objections to the Report and Recommendation had been filed. Plaintiff maintains that he did timely file objections pursuant to the prison mailbox rule.

In order to preserve the right to appeal the magistrate judge's recommendation, a party must file objections to the report and recommendation within fourteen days of service of the report and recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

The mailbox rule provides that documents submitted by prisoners are deemed filed when the prisoner delivers the documents to the proper prison authorities for forwarding to the district court. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999); *Houston v. Lack*, 487 U.S. 266, 270 (1988).

The record shows that Plaintiff filed Objections to the Report and Recommendation. (Doc # 41) Although this document was not filed by the Clerk's Office until February 14, 2017, the proof of service indicates that Plaintiff delivered the Objections to prison mailroom personnel on February 8, 2017, before the February 9, 2017 deadline to file objections to the Report and

Recommendation. *See id.* at Pg ID 526. Accordingly, Plaintiff's Objections were timely filed, and the Court will grant Plaintiff's Motion for Reconsideration (Doc # 44). The Court next turns to analyzing Plaintiff's Objections.

## III. PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Plaintiff has timely filed three Objections to the Report and Recommendation. (Doc # 41)

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### A. First Objection- Defendant Liu

Plaintiff's first objection is to the Magistrate Judge's conclusions as to Defendant Liu. Plaintiff first argues that the claims against Liu were properly exhausted because they were responded to before being denied due to untimeliness at Step II of the Michigan Prison Grievance Procedures.

On January 20, 2015, Plaintiff filed a Step I grievance, number JCF-2015-01-0189-12I, against Liu alleging that she "changed/deleted" medical orders without his having seen a physician, including deleting his "extra pillow; extra

blanket; ice detail; snack bag detail; chow after med lines; [and] reduc[ing] the taking of [his] vitals." (Doc # 26-1, Pg ID 238) This grievance was denied because Liu, as a nurse practitioner, possessed the authority to make the changes at issue, which were deemed appropriate. *Id.* at 239. Plaintiff appealed, but his Step II appeal was denied as untimely on March 19, 2015. *Id.* at 237. The Magistrate Judge correctly noted that this is the only grievance regarding Liu's alleged failure to make reasonable accommodations under the ADA and Rehabilitation Act and Liu's alleged violation of the Eight Amendment by cancelling accommodations that Plaintiff was receiving.

On March 10, 2015, Plaintiff filed a Step I grievance, number JCF-2015-03-0627-12D4, against Liu alleging that she sent a slanderous e-mail to "medical staff health care [sic] provider" Raul Tamada. Plaintiff claimed that the alleged e-mail stated that Plaintiff was "pimping transvestite's [sic]" and is a manipulator who has caused problems, which resulted in Plaintiff receiving improper health care. (Doc # 26-1, Pg ID 227, 229) This grievance was denied because Plaintiff had shown significant medical improvement and because his allegation of improper health care was deemed unfounded. *Id.* at 228. Plaintiff appealed, but his Step II appeal was denied as untimely on June 11, 2015. *Id.* at 226. The Magistrate Judge correctly noted that this is the only grievance regarding Liu's alleged sending of a slanderous email in violation of the Federal Torts Claims Act.

After review of the Report and Recommendation and Plaintiff's Objections, the Court finds that the Magistrate Judge's conclusion that the specified claims against Liu were not properly exhausted was correct. *See* Doc # 40, Pg ID 497-501. Plaintiff again fails to identify any timely, fully appealed grievance regarding Liu's alleged failure to provide reasonable accommodations to Plaintiff in violation of the ADA and Rehabilitation Act; Liu's alleged violation of the Eighth Amendment by cancelling accommodations that Plaintiff was receiving; or Liu's alleged sending of a slanderous email in violation of the Federal Torts Claims Act. The Court agrees that Plaintiff has not shown that he complied with the applicable deadline for filing a Step II grievance for any of the relevant grievances involving Liu (JCF-15-01-189-12I, JCF-15-01-189-28E, or JCF-2015-03-0627-12D4), and there are no other grievances regarding the aforementioned claims at issue.

Plaintiff now also argues that the claims against Liu were properly exhausted under the continuing violation theory, relying primarily on *Ellis v. Vadlamudi*, 568 F. Supp. 2d 778 (E.D. Mich. 2008). In *Ellis*, the plaintiff filed a single grievance in 2006 identifying the five defendants and complaining of ongoing pain that dated back to 2004. *Id.* at 780. The court found it important that the plaintiff was complaining of an ongoing problem instead of a discrete incident. *Id.* at 781. The court distinguished the plaintiff's ongoing pain from an acute medical condition or "a denial of certain privileges," for which "the time of the failure to treat (and

therefore the time of the Eighth Amendment violation) can be determined with some precision, and therefore the time limit for filing a grievance can be readily established." *Id.* at 783-84. On the other hand, the court observed that indifference to an ongoing chronic condition "and the resulting pain suffered by the prisoner that equates to the infliction of punishment," may not become manifest until some time passes. *Id.* at 783. The court held that, in the case of an ongoing chronic medical condition, "a grievance that identifies the persistent failure to address that condition must be considered timely as long as the prison officials retain the power to do something about it." *Id.* at 784.

Further, in *Ellis*, the court noted that prison officials had addressed the substance of the plaintiff's single grievance and found merit in the plaintiff's complaint of delayed or improper medical treatment, which provided another basis to find that the plaintiff had properly exhausted his remedies. *Id.* at 785.

The Court finds that the continuing violation theory does not apply to the claims against Liu that are at issue here for several reasons. First, Plaintiff in this case complained of discrete incidents (cancellation of extra pillow, extra blanket, ice detail, snack bag detail, chow after med lines, and some vitals checks on or about 01/16/15; and sending of an e-mail on or about 02/12/15) for which the time of the alleged violations and the time limits for filing the grievances were readily

identifiable. Unlike in *Ellis*, nothing in this record indicates that cancellation of such medical orders or sending of such e-mails were ongoing problems.

Second, Plaintiff in this case filed timely Step 1 grievances, and it was his appeals which were denied as untimely. This is unlike a situation where a Step I grievance complains of an ongoing chronic condition and inappropriate treatment dating far back in time as in *Ellis*. The fact that Plaintiff filed timely Step 1 grievances against Liu also further bolsters the previous conclusion that the time limits for filing these grievances were readily identifiable and, in fact, appropriately identified by Plaintiff at Step I.

The Court also notes that, unlike in *Ellis*, prison officials here did not find merit in Plaintiff's grievances discussed above. And unlike in *Ellis*, they did not excuse Plaintiff's delays in filing the Step II appeals by addressing the substance of these untimely appeals.

In support of his position, Plaintiff points to a "starting grievance," number JCF-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-12DI, which was completely exhausted through all three steps of the grievance process. However, this grievance does not name Defendant Liu, nor does it in any way relate to failure to provide reasonable accommodations, cancelling accommodations/medical orders, or any slander. *See* Doc # 46-1, Pg ID 201; *Vartinelli v. Cady*, No. 07-12388, 2009 WL 706083, at *3 (E.D. Mich. Mar. 13, 2009) ("Vartinelli also argues that the Magistrate Judge erred because his

claims relate to an ongoing medical condition. . . . The Court finds that *Ellis* provides no basis to reject the R & R. It addresses the timeliness of a grievance raising an ongoing medical condition, not the requirement to name defendants.")

Plaintiff's first Objection to the Report and Recommendation is overruled. The Court agrees with the Magistrate Judge that Plaintiff failed to properly exhaust his administrative remedies as to Liu's alleged failure to provide reasonable accommodations to Plaintiff in violation of the ADA and Rehabilitation Act; Liu's alleged violation of the Eighth Amendment by cancelling accommodations that Plaintiff was receiving; and Liu's alleged sending of a slanderous email in violation of the Federal Torts Claims Act. The Court will grant partial summary judgment in Liu's favor.

**B. Second Objection- Defendant Tan**

Plaintiff's second objection is to the Magistrate Judge's conclusions as to Defendant Tan. Plaintiff argues that his claim against Tan was properly exhausted through grievance number JCF-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-12DI, which was denied on the merits at Steps I, II, and III.

As accurately set forth by the Magistrate Judge,

> [t]he Complaint asserts that Plaintiff was discharged from Allegiance Hospital on January 13, 2014, with a diagnosis of, among other things, gastrointestinal bleeding, secondary to ulcerative colitis, whereupon Plaintiff was placed under the care of Dr. Tan at Duane Waters Health. (DE 1 at ¶¶ 25-29.) According to the Complaint, Dr. Tan noted that Plaintiff's ulcerative colitis was not highly active and

> thus stopped Plaintiff's prescription for steroids on/about January 17, 2014. (*Id.* at ¶¶ 29-30.) The sole claim against Tan asserts that he was deliberately indifferent to Plaintiff's medical needs, in violation of the Eight Amendment, by "discontinuing certain medications prescribed by an outside doctor, causing Plaintiff's already serious medical need to become worse than before." (DE 1 at ¶ 172) (capitalization standardized).
>
> As Defendants note in their motion, Plaintiff did not file a grievance pertaining to Tan's decision to change Plaintiff's medications. In early January 2014, Plaintiff filed a grievance against "all JCF health Care staff, H.U.M., Doctors, Nurses, and Corizon" listing an occurrence date of December 30, 2013 and stating that he needed to see a specialist for ongoing "stomach, rectal, and anal pain(s) . . . ." (DE 26-1 at 23.) That grievance, number JCF 2014-01-0059-12DI, was denied at Step I in late January 2014 because Plaintiff had been seen by a gastroenterologist. (*Id.* at 24.) The grievance was also denied at Steps II and III later in 2014. (*Id.* at 18, 21.) Notably, however, that grievance does not specifically mention Tan and pertains to conduct predating when the Complaint alleges that he began treating Plaintiff.

(Doc # 40, Pg ID 501-02)

In his Objection, Plaintiff asserts that grievance number JCF-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-12DI was a general grievance that complained of an ongoing problem. He notes that he could not name Defendant Tan because he wrote this grievance on January 3, 2014, before Tan treated him. He claims he could not have filed another grievance pertaining to Tan's decision to change Plaintiff's medications because he did not have time to regroup; and because grievance number JCF-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-12DI was still pending, and another grievance would have been a duplicate grievance about the same issue.

Again, grievance number JCF-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-12DI, dated January 3, 2014, pertains to repeated requests to see a specialist for stomach, rectal, and anal pains. This grievance was addressed shortly thereafter when Plaintiff had a colonoscopy on/about January 11, 2014 and was seen by a gastroenterologist, before the Complaint alleges that Tan discontinued Plaintiff's prescription for steroids on January 17, 2014. Grievance number JCF-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-12DI does not mention any discontinuance of any medication or identify this as an ongoing problem; it does not name Defendant Tan; and it predates when the Complaint alleges that Tan treated Plaintiff. Plaintiff provides no valid or specific reason why he could not have filed a grievance (even if somewhat delayed) pertaining to Tan's decision to discontinue Plaintiff's prescription for steroids. Plaintiff does not explain how such a grievance would have been duplicative when it would have pertained to a different issue, on a different date, against a different doctor at Duane Waters Health.

Accordingly, Plaintiff's second Objection to the Report and Recommendation is overruled. The Court agrees with the Magistrate Judge that Plaintiff failed to properly exhaust his administrative remedies as to his claim against Tan. The Court will grant summary judgment in Tan's favor, and the Court will dismiss Tan from this action.

### C. Third Objection- Defendants Bergman and Coleman

Plaintiff's third objection is to the Magistrate Judge's conclusions as to Defendants Bergman and Coleman. Plaintiff argues that his claims against Bergman and Coleman were properly exhausted through grievance number JCF-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-12DI, which was denied on the merits at Steps I, II, and III.

As accurately set forth by the Magistrate Judge,

> Plaintiff contends in relevant part that in early January 2014 (the exact date is difficult to discern from the Complaint) Drs. Bergman and/or Coleman sent him from Allegiance Hospital to Duane Waters Health for an emergency colonoscopy. However, Duane Waters did not have the capability to perform that procedure, so Plaintiff was returned to prison without receiving treatment. (DE 1 at 5-6, ¶ 1-4.) Plaintiff also alleges that Dr. Bergman denied Defendant Liu's request for Plaintiff to receive a colonoscopy in August 2014. (*Id.* at ¶ 46.)
>
> For his causes of action against Bergman and Coleman, Plaintiff asserts in paragraphs 169-170 of his Complaint that Bergman, along with Defendant Liu, "showed negligence by not properly address [sic] Plaintiff's medical needs in a timely fashion[,] causing Plaintiff's serious medical issues to become worse and now permanent, showing deliberate indifference[,] an Eighth Amendment violation." (*Id.* at 38-39.) Paragraph 174 contends Dr. Coleman was deliberately indifferent, in violation of the Eighth Amendment, by "denying any type of medical treatment when Plaintiff's [sic] was sent to an outside hospital emergency room, leaving Plaintiff in severe pain." (*Id.* at 39.)

(Doc # 40, Pg ID 504)

Again, grievance number JCF-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-12DI, written on January 3, 2014 and identifying an incident date of December 30, 2013, pertains to repeated requests to see a specialist for stomach, rectal, and anal pains. This grievance does

not name Defendants Bergman or Coleman, and it does not mention their alleged decision to transfer Plaintiff from Allegiance to Duane Waters Health for a colonoscopy. The conduct complained of in this grievance took place on or before December 2013 and predates when the Complaint alleges that Bergman and Coleman made the transfer decision on/about January 7, 2014. It also predates when the Complaint alleges that Bergman denied a request for another colonoscopy in August 2014. The Court agrees with the Magistrate Judge that the subject matter of grievance number JCF-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-12DI does not facially pertain to any factual allegations in the Complaint against Bergman or Coleman.

Plaintiff seems to argue that he had no way of knowing at the time that Bergman or Coleman were responsible for these alleged decisions. However, Plaintiff provides no valid or specific reason why he could not have filed grievances (even if somewhat delayed, and even if he did not know the specific names of doctors at Allegiance) pertaining to the January 2014 decision to transfer him from Allegiance to Duane Waters Health for a colonoscopy, or the August 2014 denial of another colonoscopy request.

Accordingly, Plaintiff's third Objection to the Report and Recommendation is overruled. The Court agrees with the Magistrate Judge that Plaintiff failed to properly exhaust his administrative remedies as to his claims against Bergman and

Coleman. The Court will grant summary judgment in Bergman and Coleman's favor, and the Court will dismiss Bergman and Coleman from this action.

## IV. CONCLUSION

After review of the Magistrate Judge's Report and Recommendation, the Court finds that his findings and conclusions are correct. The Court agrees with the Magistrate Judge that Defendants' Motion for Partial Judgment on the Pleadings (Doc # 26) is properly construed as a motion for partial summary judgment to resolve the question of whether Plaintiff failed to exhaust his administrative remedies, an affirmative defense raised by Defendants.

The Court further agrees with the Magistrate Judge that Plaintiff failed to properly exhaust his administrative remedies as to his claims against Tan, Coleman, Bergman, and Carlson, and some of his claims against Liu as discussed above. The Court will grant summary judgment in their favor. The Court will dismiss Tan, Coleman, Bergman, and Carlson from this action.

The Court, however, will not dismiss the claim against Xue and will deny her motion for summary judgment. The Court agrees with the Magistrate Judge that Plaintiff's grievance against her appears to have been properly exhausted.

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff Dwayne Hoosier's Motion for Reconsideration (Doc # 44) is GRANTED to the extent that this Court's previous

order found that no timely objections to the Report and Recommendation had been filed.

IT IS FURTHER ORDERED that Magistrate Judge Anthony P. Patti's Report and Recommendation (Doc # 40) is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that the construed Motion for Partial Summary Judgment filed by Defendants Wendy Liu, Shi-Yu Tan, Rickey Coleman, and Steven Bergman (Doc # 26) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Defendants Vicki Carlson and Renyu Xue (Doc # 35) is GRANTED IN PART as to Defendant Vicki Carlson, and DENIED IN PART as to Defendant Renyu Xue.

IT IS FURTHER ORDERED that Defendants Shi-Yu Tan, Rickey Coleman, Steven Bergman, and Vicki Carlson are DISMISSED from this action. Defendants Wendy Liu, Renyu Xue, Karen Rhodes, William Borgerding, Badawi Abdellatif, Kim Farris, and Jane Doe remain.

IT IS FURTHER ORDERED that this matter is referred back to Magistrate Judge Anthony P. Patti as to the remaining Defendants for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

s/Denise Page Hood
DENISE PAGE HOOD
Chief U.S. District Judge

DATED: June 6, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S Mail addresses disclosed on the Notice of Electronic filing on June 6, 2017.

s/Teresa McGovern
Case Manager Generalist