UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE HOOSIER,

    Plaintiff

v.

WENDY LIU, KAREN RHODES,
WILLIAM BORGERDING,
RENYU XUE, BADAWI
ABDELLATIF, KIM FARRIS,
LPN SEARS,

    Defendants.
_____/

Case No. 2:16-cv-10688
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

## ORDER GRANTING DEFENDANTS WENDY LIU, N.P., BADAWI ABDELLATIF, M.D., KIM FARRIS, P.A., AND KAREN RHODES, D.O.'S UNOPPOSED MOTION TO COMPEL DISCOVERY FROM PLAINTIFF (DE 50)

    This matter before is the Court for consideration of Defendants Wendy Liu, N.P., Badawi Abdellatif, M.D., Kim Farris, P.A., and Karen Rhodes, D.O.'s motion to compel discovery from Plaintiff. (DE 50.) Defendants filed their motion to compel discovery from Plaintiff on April 17, 2017 (DE 50), and filed a supplement to their motion to compel on June 16, 2017, in which they narrowed the issues in dispute. (DE 55.) To date, Plaintiff has not filed a response to the motion or supplement. For the reasons that follow, Defendant's motion is **GRANTED**.

**A.     Background**

Plaintiff, Dwayne Hoosier, a state prisoner who is proceeding *pro se*, brings this lawsuit under 42 U.S.C. § 1983, alleging claims of deliberate indifference to his medical needs, in violation of the Eighth Amendment, as well as claims based on the Americans with Disabilities Act ("ADA"), the Rehabilitation Act and the Federal Tort Claims Act. (DE 1.) He names eleven Defendants, all of whom are medical professionals involved in his treatment for ulcerative colitis and Raynaud's disease.[1]

In the instant motion, Defendants assert that they served their First Set of Interrogatories and Second Request for Production of Documents on Plaintiff on March 7, 2017. When Plaintiff did not respond to these discovery requests, Defendants filed the instant motion to compel on April 17, 2017. (DE 50.) The Court entered an order requiring Plaintiff to respond to Defendants' motion to compel by May 19, 2017. (DE 52.) Plaintiff did not file a response to Defendants' motion to compel, but, according to Defendants, Plaintiff did serve responses to Defendants' interrogatories and requests for production on Defendants on May 19, 2017. On June 16, 2017, Defendants filed a "supplement" to their motion to

---

[1] On February 15, 2017, the Court entered an Order accepting my January 23, 2017 Report and Recommendation, and dismissing Plaintiff's claims against Defendants Shi-Yu Tan, Rickey Coleman, Steven Bergman and Vicki Carlson, and some of Plaintiff's claims against Defendant Wendy Liu, for failure to properly exhaust administrative remedies, but denying Defendant Renyu Xue's motion for summary judgment. (DE 42, adopting DE 40.)

2

compel, asserting that Plaintiff's May 19, 2017 discovery responses are "incomplete and insufficient," and that they were filing the supplement to "update the Court and to narrow the issues in dispute." (DE 55.) In their supplement, Defendants seek an order: (1) compelling Plaintiff to provide full and complete responses to Defendants' First Set of Interrogatories and Second Request for Production of Documents, including access to his Medicare, Medicaid, and disability records by signing the authorizations within ten (10) days of an Order granting the present motion; and, (2) to show cause as to why his claims against Defendants should not be dismissed. (*Id*. at 8) To date, Plaintiff has not filed a response to Defendants' motion to compel or the supplement.[2]

**B.    Standard**

The Court has broad discretion to determine the scope of discovery. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). The scope of discovery, which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[2] Defendants subsequently filed a motion to dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 41(b), for Plaintiff's failure to file a response to Defendants' motion to compel and Plaintiff's continued refusal to answer Defendants' discovery requests. (DE 57.) That motion has been fully briefed and will be addressed under separate cover.

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the court. Fed. R. Civ. P. 26(b)(1). Further, discovery is more liberal than even the trial setting, as Rule 26(b) allows information that "need not be admissible in evidence" to be discoverable. *Id.* However, the court must also balance the "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.,* 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush,* 161 F.3d at 367). Rule 37(a) allows a party to move for an order compelling "an answer, designation, production, or inspection" if the opposing party has failed to provide a discovery response. Fed. R. Civ. P. 37(a)(3).

**C.     Analysis**

As a preliminary matter, Plaintiff has failed to file a response opposing Defendants' motion, and his time to do so has passed. Pursuant to the Local Rules, "[a] respondent opposing a motion must file a response." E.D. Mich. LR 7.1(c)(1). The response "to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(b). Pursuant to the Court's April 19, 2017 Order, Plaintiff's response was due by May 19, 2017. (DE 52.) Plaintiff did not file a response to Defendants' motion to compel. "[I]f a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the

4

plaintiff to have waived opposition to the motion." *Humphrey v. United States Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008); *see also Sabharwal v. Chase Mortg. Bank*, No. 11-13138, 2012 WL 1050021, at *2 (E.D. Mich. Mar. 7, 2012) *report and recommendation adopted by* 2012 WL 1049909 (E.D. Mich. Mar. 28, 2012) (applying *Humphrey* to a *pro se* plaintiff). Accordingly, Defendants' motion to compel can and will be construed as unopposed. Nevertheless, the Court recognizes that Plaintiff apparently did serve some, albeit limited, responsive discovery, seemingly prompted by this motion.

In their "supplement" filed on June 16, 2017, Defendants "narrow[ed] the issues in dispute" after receiving Plaintiff's discovery responses. Specifically, Defendants now complain that Plaintiff failed to fully answer Interrogatory Nos. 1-4, 6, and 8-10, and that he continues to refuse to respond to Defendants' requests to produce: (1) a release for his state and federal tax returns from 2003 through 2013; (2) authorization releases for Medicare and/or Medicaid records; and (3) records related to any of Plaintiff's disability claims, as requested in Defendants' Request for Production Nos. 1-2, 12, and 14-16. (DE 55.)[3]

---

[3] Although Defendants state that "Plaintiff refused to fully answer Defendants' first, second, third, fourth, *and fifth* interrogatories," (DE 55 at 2 (emphasis added)), Defendants otherwise do not address Plaintiff's response to Interrogatory No. 5 in their supplemental brief. Accordingly, the Court will consider any objection to that discovery response to be waived for purposes of this motion. *See Straws v. Berghuis*, No. 2:08 CV 10481, 2010 WL 420018, at *1 (E.D. Mich. Jan. 28, 2010) ("Generally, issues which are not adequately developed in a brief are

### 1. Plaintiff's Responses to Defendants' Interrogatories

Defendants complain that Plaintiff failed to fully answer Interrogatory Nos. 1-4, 6, and 8-10. (DE 55.) Interrogatory Nos. 1-4 and 6 seek information regarding Plaintiff's non-MDOC medical providers, his employment history, educational history, and psychiatric history, and the identity of all individuals dependent on Plaintiff for financial support. (DE 50-1.) Plaintiff responded that Defendants have his medical and prison records, and generally objected that these interrogatories are "not in any way relevant to this civil action" and that they "violat[e] plaintiff's fifth and eighth amendment [rights.]" (DE 55-1 at 2-3.) Defendants explain that these interrogatories seek information that is relevant to Plaintiff's past medical history and to calculating his alleged damages. The Court agrees. Specifically, Plaintiff alleges in his Complaint claims of deliberate indifference to his medical conditions, leading to a diagnosis of ulcerative colitis and Raynaud's Syndrome, and complications from medications prescribed to him. (DE 1.) He seeks compensatory and punitive damages, including damages for emotional pain and suffering, as well as injunctive relief. (*Id.*) While Defendants acknowledge that they have Plaintiff's MDOC medical records, information regarding Plaintiff's non-MDOC medical care, if any, from 2014 to present, is relevant to Plaintiff's claim that Defendants failed to properly treat him. And

---

deemed waived.") (citing *Rojem v. Gibson*, 245 F.3d 1130, 1141 n.8 (10th Cir. 2001)).

information regarding Plaintiff's prior psychiatric hospitalizations, employment and educational histories, and regarding Plaintiff's financial dependents, are relevant to Plaintiff's Eighth Amendment claims, his calculation of damages, and Defendants' defenses thereto, and such requests are proportional to the needs of this case. Moreover, Plaintiff fails to state with any particularity how providing the requested information violates his Fifth or Eighth Amendment rights or otherwise subjects him to criminal liability.

Interrogatory Nos. 7-10 ask Plaintiff to state exactly what each individual Defendant did that violated Plaintiff's § 1983 rights. (DE 50-1.) Defendants assert Plaintiff's responses to Interrogatory Nos. 8-10 remain incomplete. (DE 57 at 5); *see* Fed. R. Civ. P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). In his responses, Plaintiff simply refers Defendants to his 174-paragraph Complaint and then goes on to state that he is being "denied the discovery of medical records needed to provide the requested information" and that he "is expected to go to trial and all revele [sic] information will be given at that time." (DE 55-1 at 6-7.) This latter statement is unacceptable, and thwarts the purpose and goals of pretrial discovery. The Court finds that Interrogatory Nos. 8-10 are proper interrogatories, asking Plaintiff to provide the specific nature of his claims against the individual Defendants, that these interrogatories generally meet the broad standard of

7

relevance outlined in Rule 26, and that Plaintiff's responses are wholly insufficient. Further, as Defendants point out, the Sixth Circuit has soundly rejected Plaintiff's implicit argument that asking Plaintiff to pay for the reasonable copying costs for discovery is improper. *See Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003) ("A prisoner plaintiff proceeding in forma pauperis may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts.") (citations omitted).

Accordingly, Plaintiff is ordered to supplement his responses to **Interrogatory Nos. 1-4, 6 and 8-10**. Plaintiff's supplemental responses must be served by **November 27, 2017**.

### 2. Plaintiff's Responses to Defendants' Requests for Documents

Defendants also assert that Plaintiff has provided incomplete responses to Defendants' Requests for Production. Specifically, Defendants complain that Plaintiff has refused to sign releases for his state and federal tax returns from 2003 through 2013 (Request No. 2). Defendants also complain that Plaintiff has refused to execute releases for his Medicare and Medicaid records, as well as releases for any records related to any disability claims (Request Nos. 1, 12, 14-16).[4]

---

[4] Plaintiff argues that he provided Defendants an executed release for his Medicaid records, but Defendants dispute receiving this. (DE 55 at 7.) In the interest of

8

Defendants assert the documents and information sought are relevant to Plaintiff's medical care and the calculation of Plaintiff's damages. The Court agrees.

Accordingly, Plaintiff is ordered to supplement his responses to **Request for Production Nos. 1-2, 12, and 14-16**, and execute and serve the releases provided by Defendants with their Second Request for Production of Documents by **November 27, 2017**.

**D. Conclusion**

Defendants are entitled to the discovery sought in their First Set of Interrogatories and Second Request for Production of Documents in order to properly respond to the incidents described in Plaintiff's complaint. Accordingly, Defendants' motion to compel is **GRANTED**. Plaintiff shall supplement his responses to **Interrogatory Nos. 1-4, 6, and 8-10**, and **Request for Production Nos. 1-2, 12, and 14-16**, and serve his responses, including executing and returning the requested authorizations, **ON OR BEFORE NOVEMBER 27, 2017**.

Finally, although the Court declines to impose sanctions or attorney's fees at this time, Plaintiff is cautioned that failure to comply with this order will likely result in a Report and Recommendation recommending that the Court impose sanctions, up to and including dismissal, pursuant to Fed. R. Civ. P. 37(b).

---

facilitating the discovery in this matter, the Court will order that Plaintiff execute and return the Medicaid release form along with the other releases ordered here.

**IT IS SO ORDERED.**

Dated: November 6, 2017         s/Anthony P. Patti
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on November 6, 2017, electronically and/or by U.S. Mail.

                                s/Michael Williams
                                Case Manager for the
                                Honorable Anthony P. Patti