UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE HOOSIER,

    Plaintiff

v.

WENDY LIU, KAREN RHODES,
WILLIAM BORGERDING,
RENYU XUE, BADAWI
ABDELLATIF, KIM FARRIS,
LPN SEARS,

    Defendants.
_____/

Case No. 2:16-cv-10688
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION REGARDING DEFENDANTS WENDY LIU, N.P., BADAWI ABDELLATIF, M.D., KIM FARRIS, P.A., AND KAREN RHODES, D.O.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(b) (DE 57)

**I.**     **RECOMMENDATION:** The Court should deny Defendants Wendy Liu, N.P., Badawi Abdellatif, M.D., Kim Farris, P.A., and Karen Rhodes, D.O.'s motion to dismiss pursuant to Fed. R. Civ. P. 41(b) without prejudice.

**II.**     **REPORT:**

    **A.**     **Background**

Plaintiff, Dwayne Hoosier, is a state prisoner currently incarcerated at the Macomb Correctional Facility (MRF) in New Haven, Michigan. *See* www.michigan.gov/corrections, "Offender Search." Plaintiff, who is proceeding

*pro se*, brought this lawsuit under 42 U.S.C. § 1983, alleging claims of deliberate indifference to his medical needs while incarcerated in MRF, in violation of the Eighth Amendment, as well as claims based on the Americans with Disabilities Act ("ADA"), the Rehabilitation Act and the Federal Tort Claims Act. (DE 1.)  He names eleven Defendants, all of whom are medical professionals involved in his treatment for ulcerative colitis and Raynaud's disease.[1]

Defendants served their First Set of Interrogatories and Second Request for Production of Documents on Plaintiff on March 7, 2017.  When Plaintiff did not respond to these discovery requests, Defendants filed a motion to compel on April 17, 2017.  (DE 50.)  The Court entered an order requiring Plaintiff to respond to Defendants' motion to compel by May 19, 2017.  (DE 52.)  Plaintiff did not file a response to Defendants' motion, but, according to Defendants, Plaintiff did serve discovery responses on Defendants on May 19, 2017.  On June 16, 2017, Defendants filed a supplement to their motion to compel, asserting that Plaintiff's May 19, 2017 discovery responses are "incomplete and insufficient," and narrowing the issues in dispute. (DE 55.)  Defendants sought an order requiring Plaintiff to provide full and complete responses to Defendants' First Set of

---

[1] On February 15, 2017, the Court entered an Order accepting my January 23, 2017 Report and Recommendation, and dismissing Plaintiff's claims against Defendants Shi-Yu Tan, Rickey Coleman, Steven Bergman and Vicki Carlson, and some of Plaintiff's claims against Defendant Wendy Liu, for failure to properly exhaust administrative remedies, but denying Defendant Renyu Xue's motion for summary judgment.  (DE 42, adopting DE 40.)

2

Interrogatories and Second Requests for Production of Documents, including execution of authorizations for Plaintiff's records, or to show cause as to why his claims against Defendants should not be dismissed. (*Id.*) Plaintiff did not file a response to Defendants' supplement to their motion to compel.

On November 6, 2017, the Court entered an Order granting Defendants' motion to compel. (DE 67) In that Order, the Court instructed Plaintiff that "failure to comply with this order will likely result in a Report and Recommendation recommending that the Court impose sanctions, up to and including dismissal, pursuant to Fed. R. Civ. P. 36(b)." (*Id.*)

### B.     The Instant Motion

Defendants filed the instant motion to dismiss on August 17, 2017. (DE 57.) Defendants assert that dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b) is warranted for Plaintiff's failure to comply with the Court's April 19, 2017 order for Plaintiff to respond to Defendants' motion to compel, and his continued refusal to respond to Defendants' discovery requests. (*Id.*)

Plaintiff filed a response to Defendants' motion to dismiss on September 21, 2017. (DE 61.) Plaintiff states that he served discovery responses on Defendants on May 19, 2017, and "answered some of the interrogatories along with some objections as well[,]" in response to the Court's April 19, 2017 order to respond to Defendants' motion to compel (DE 52) (which Plaintiff states he interpreted as

3

granting Defendants' motion to compel). (DE 61 at 10.) Plaintiff then states that he thought he had to wait for a Court order before responding to Defendants' June 16, 2017 supplement to their motion to compel. He argues therefore that while he made a mistake in not filing a response to Defendants' motion to compel, he did not act with bad faith or with willfulness and accordingly dismissal pursuant to Rule 41(b) is not warranted.

On October 3, 2017, Defendants filed their reply brief, arguing that to date, Plaintiff has not offered an explanation for his blatant refusal to provide basic discovery, and that he continues to refuse to answer Defendants' interrogatories and release essential medical and other records at issue. (DE 62.) Defendants assert that dismissal with prejudice of Plaintiff's claims against Defendants is warranted.

### C. Fed. R. Civ. P. 41(b)

Fed. R. Civ. P. 41 governs the "dismissal of actions." With respect to involuntary dismissals, Rule 41 provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect.").

The Sixth Circuit is guided by four factors in determining a Fed. R. Civ. P. 41(b) motion to dismiss for failure to prosecute:

(1) whether the party's failure is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dismissed party's conduct;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.,* 138 F.3d 612, 615 (6th Cir.1998)). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir.1980)).

**D. Analysis**

**1. Willfulness, Bad Faith or Fault**

To be sure, Plaintiff has not filed a response to Defendants' motion to compel, despite the Court's order to do so. (DE 50, 52.) However, it is not clear that Plaintiff's failure to file a response to the motion to compel was the result of willfulness, bad faith or fault. Plaintiff asserts that he understood that the Court's

5

April 19, 2017 Order directing Plaintiff to respond to Defendants' motion to compel was an order granting Defendants' motion and ordering Plaintiff to respond to the discovery requests by May 19, 2017. (DE 61 at 2.) Plaintiff did serve discovery responses on Defendant on May 19, 2017, although he concedes that these responses consisted of "production of some documents along with objections to some of defendants [sic] interrogatories and documen[ts] with reasons as to [why] plaintiff did not answer all interrogatories." (*Id.*) Plaintiff then acknowledges that he was served with Defendants' supplemental brief filed on June 16, 2017, in which Defendants allege that Plaintiff's discovery responses were incomplete. (*Id.*) But Plaintiff claims that he "was under the impression that he had to wait" for the Court to order a response to Defendants' supplemental brief before responding, and that he never received such an order. (*Id.*) This mistaken impression was not unreasonable, in light of the fact that the Court *had entered* a briefing schedule after the *initial* motion to compel was filed, even though the standard deadlines for responding are spelled out in the Local Rules. *See* E.D. Mich. L.R. 7.1(e)(2)(B) ("A response to a nondispositive motion must be filed within 14 days after service of the motion).Plaintiff further explained that he was also addressing a response to a motion for summary judgment in this matter in the July 2017 time period, and that he interpreted the Court's "reminder" that all responses must be filed with the Court to be directed to a response to that motion

6

for summary judgment and not the pending motion to compel. (*Id.*) Giving Plaintiff the benefit of the doubt, particularly since he lacks the assistance of counsel, it appears that Plaintiff's failure to file a response to Defendants' motion to compel was the result of a mistake or misunderstanding of the Court's order as directing Plaintiff to serve responses to those discovery requests, particularly in light of the fact that Plaintiff did serve his responses to that discovery within the time period set forth in the Order. Based on the above, Defendants have not met their burden to show that Plaintiff's failure to respond to their motion to compel was due to willfulness, bad faith or fault.[2]

### 2. Prejudice

Second, Defendants have not shown the type of prejudice that warrants dismissal. Defendants allege that more than four months have passed since Defendants filed their motion to compel, and that Plaintiff's "dilatory conduct throughout discovery prejudices [their] ability to defend against Plaintiff's claims." (DE 57 at 16.) Defendants also argue that they are "forced" to expend financial resources to attempt to obtain discoverable materials. This is an overstatement. The Court notes that Plaintiff did serve discovery responses in May 2017, albeit "incomplete or insufficient" responses according to Defendants. The Court

---

[2] Nevertheless, it is curious that Plaintiff could think that he was under compulsion from the Court to comply with the outstanding discovery requests, yet also admit that he did not, in fact, fully comply. (DE 61 at 2.)

acknowledges that Defendants may be frustrated by having to request multiple times that their discovery responses be addressed, and the requested releases be executed; however, while Plaintiff's delay in responding to discovery is not acceptable and shall not be continued, such frustration does not warrant the ultimate sanction of dismissal under Rule 41(b).

### 3. Warnings and Consideration of Less Drastic Measures

Finally, the third and fourth factors do not operate in Defendants' favor. Plaintiff had not been warned previously that his failure to cooperate in discovery would lead to dismissal. Contrary to Defendants' assertion, the Court's April 19 2017 Order—requiring Plaintiff to respond to Defendants' motion to compel "on or before May 19, 2017" and providing that "response shall be filed in accordance with E.D. L.R. 7.1"—did not expressly warn Plaintiff that failure to respond would lead to dismissal. Further, less drastic sanctions have not been considered prior to filing this motion. However, the Court, in its November 6, 2017 Order on Defendants' motion to compel, is directing plaintiff that failure to comply with that Order can lead to sanctions, up to and including dismissal. (DE 67.) If the Court has to revisit this issue again, the Court may well consider that option.

### E. Conclusion

For the foregoing reasons, I recommend that Defendants' motion to dismiss (DE 57) be **DENIED without prejudice**.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: November 6, 2017   s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing document was sent to parties of record on November 6, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti