UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE HOOSIER,

            Plaintiff                  Case No. 2:16-10688
                                             District Judge Denise Page Hood
v.                                    Magistrate Judge Anthony P. Patti

WENDY LIU, KAREN
RHODES, RENYU XUE,
BADAWI ABDELLATIF,
KIM FARRIS, and HELEN
SEARS

            Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE APPOINTMENT OF COUNSEL (DE 74)

On July 14, 2016, the Court denied without prejudice Plaintiff's motion for

appointment of counsel, concluding that he had not described any exceptional

circumstances to justify such a request. (DE 25.) On April 18, 2017, the Court

denied without prejudice Plaintiff's motion for reconsideration for the appointment

of counsel, finding that Plaintiff has simply reiterated his initial arguments and has

not identified a palpable defect. (DE 51.) On June 1, 2018, Plaintiff filed a

second motion for reconsideration, in which he again asks the Court to grant his

request for appointment of counsel. (DE 74.)

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must demonstrate: 1) a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled; and 2) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). But "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

Here, Plaintiff presents many of the same arguments as in his first two motions for appointment of counsel, namely that he has not been able to retain an attorney, the case deals with complex subject matter, and conducting a trial in this case would be difficult for an incarcerated person proceeding *pro se*. As indicated in the Court's prior orders, the above issues apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances. (DEs 25, 51.) *See also Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (explaining that, with respect to prisoner civil rights cases in particular, "there is no

right to counsel…. The appointment of counsel in a civil proceeding is justified only by exceptional circumstances."). As to Plaintiff's argument again about preparing for and conducting a trial, the Court notes, once again, that such a concern is premature.

Plaintiff now correctly notes that he "has survived summary judgment on failure to exhaust administrative remedies[,]" in that, on February 15, 2017, the Court denied in part certain MDOC defendants' summary judgment motions filed *on the basis of exhaustion* as to Defendant Xue only, but granted the motions as to several other defendants. (DEs 40, 42, 43, 53.) The Court has also since granted summary judgment as to another defendant on the basis of exhaustion (DE 65, 71), and denied several defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to participate in discovery. (DEs 68, 72.) However, as Plaintiff also correctly notes, the Court has since entered a scheduling order which establishes a discovery deadline of July 16, 2018 and a dispositive motion deadline of August 16, 2018. (DE 73.) Accordingly, notwithstanding the Court's partial denial of a motion for summary judgment which was based on exhaustion of administrative remedies, the Court has yet to entertain a post-discovery dispositive motion on the merits under Fed. R. Civ. P. 56. Therefore, the case has not survived all dispositive motion practice. For the reasons stated in its previous

orders declining to recruit counsel (DEs 25, 51), the instant motion is again

**DENIED without prejudice**.

      **IT IS SO ORDERED.**


Dated: June 19, 2018           s/Anthony P. Patti
                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on June 19, 2018, electronically and/or by U.S. Mail.

          s/Michael Williams
          Case Manager for the
          Honorable Anthony P. Patti