UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE HOOSIER,

    Plaintiff,

v.                                                                        Case No. 16-10688
                                                                        Honorable Denise Page Hood

WENDY LIU, et al.,

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATIONS
TO GRANT DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT [Dkt. Nos. 80 & 81] AND DISMISSING THE CASE**

**I.    INTRODUCTION**

*Pro se* Plaintiff filed this 42 U.S.C. § 1983 lawsuit against multiple defendants. This matter comes before the Court on Magistrate Judge Anthony Patti's: (1) Report and Recommendation dated December 12, 2018 (the "December R&R") [Dkt. No. 90] related to the Motion for Summary Judgment filed by Defendants Renyu Xue and Helen Sears; and (2) Report and Recommendation dated January 7, 2019 (the "January R&R") [Dkt. No. 91] related to the Motion for Summary Judgment filed by Defendants Wendy Liu, Karen Rhodes, Kim Farris, and Badawi Abdellatif (the "Liu Defendants"). In the Reports and Recommendations, the Magistrate Judge recommends that the Court grant both Motions for Summary Judgment and dismiss

Plaintiff's cause of action. Plaintiff has filed objections to the January R&R but not the December R&R. The Liu Defendants filed a response to Plaintiff's objections to the January R&R.

**II. ANALYSIS**

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons in both the December R&R and the January R&R. The Court has reviewed Plaintiff's objections to the January R&R and comes to the following conclusions.

*1.     Objections Regarding Defendant Wendy Liu*

Plaintiff contends that Defendant Liu caused his mild ulcerative colitis to become severe when she failed to get Plaintiff a proper consultation for over a year after his symptoms started and 10 months after his first treatment at Allegiance Health Hospital in January 2014.

The Court finds there is no evidence of deliberate indifference by Defendant Liu. As Plaintiff stated: (1) he "first started showing symptoms of colitis [on] August 13 when N.P. Liu . . . tried to catch [the] illness in the early stages [Dkt. No. 1, ¶ 46]; (2) Defendant Liu submitted a consultation request for Plaintiff to have an "evaluation for colonoscopy/rectal bleeding," a 407 request that was denied by a non-party doctor [Dkt. No. 1, ¶ 5]; and (3) Defendant Liu engaged in numerous other treatment efforts

on behalf of Plaintiff. [*See* Dkt. No. 91, PgID 20-21] All of these efforts demonstrate that there is no genuine dispute of material fact that Defendant Liu was not deliberately indifferent to Plaintiff's medical needs, something that Plaintiff appears to concede regarding a number of Defendant Liu's actions. Plaintiff does not agree with all of the treatment options utilized by Defendant Liu, but his allegations (and the evidence in the record) do not permit a finding of anything more than negligence. Negligence is insufficient to prevail on a deliberate indifference claim. As the records and Defendant Liu's affidavit reveal, Defendant Liu consistently treated Plaintiff's need for medical attention through at least September 2014 – long after the grievances were filed and fully exhausted by Plaintiff. As to Plaintiff's medications canceled by Defendant Liu in late November 2014, such actions transpired long after the period addressed by Plaintiff's fully exhausted grievances.

2. *Objections Regarding Defendant Badawi Abdellatif*

Plaintiff contends that Defendant Abdellatif, a physician, should have started Plaintiff on the Remicade treatment earlier and that Defendant Abdellatif failed to treat Plaintiff for his serious medical needs. Plaintiff claims Defendant Abdellatif did not run tests to properly diagnose Plaintiff's condition or properly follow policy. Again, although Plaintiff complains about the manner of treatment he received, there are no allegations and there is no evidence that Defendant Abdellatif failed to treat

3

Plaintiff. There also is no evidence that the treatment provided was "so woefully inadequate as to amount to no treatment at all." *Colwell v. Corizon Healthcare Inc.*, No. 11-15586, 2014 WL 6686764, at *4 (E.D. Mich. Nov. 26, 2014) (citing *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (internal quotation marks omitted). The Court concludes that Plaintiff's objections related to Defendant Abdellatif constitute nothing more than a disagreement with the manner of treatment provided to Plaintiff by Defendant Abdellatif.

   *3.  Objections Regarding Grievances 0059 and 1207*

Plaintiff relies on Grievances 0059 and 1207 to support his claims as to Defendants Liu and Abdellatif. Neither Grievance 0059 nor Grievance 1207 specifically names Liu or Abdellatif. Both Grievances were filed during the period Plaintiff received treatment from Defendant Liu, but as the Magistrate found, Plaintiff has not identified any "specific allegations in the grievance[s]" that would have provided fair notice to Defendant Liu that the grievances were directed at her. *See* Dkt. No. 91, PgID 2520-21; Dkt. No. 65, PgID 750 (citing *Burton v. Kakani*, No. 09-10893, 2009 WL 3101046, at **2-3 (E.D. Mich. Sept. 23, 2009)); *Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006); *Vandiver v. Martin*, 48 F. App'x 517, 519 (6th Cir. 2002). And, both Grievance 0059 and Grievance 1207 pertained to events that occurred at the Cotton Correctional Facility in Jackson, Michigan – and both were

4

fully exhausted – before Plaintiff arrived at the Macomb Correctional Facility, where Defendant Abdellatif worked.

For the reasons stated, the Court denies Plaintiff's objections to the January R&R. And, as neither party has raised an objection to the December R&R, the Court finds that the parties have waived any further objections to the December R&R. *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987) (a party's failure to file any objections waives his or her right to further appeal); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III. CONCLUSION

Finding no error in the Magistrate Judge's Reports and Recommendations, the Court adopts each Report and Recommendation [Dkt. Nos. 90 & 91] in its entirety.

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation dated December 12, 2018 [Docket No. 90] is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that the Report and Recommendation dated January 7, 2019 [Docket No. 91] is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that the objections to the January 7, 2019

Report and Recommendation filed by Plaintiff [Docket No. 92, filed January 29, 2019] are **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Defendants Renyu Xue and Helen Sears [Docket No. 80, filed August 16, 2018] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Defendants Wendy Liu, Karen Rhodes, Kim Farris, and Badawi Abdellatif [Docket No. 81, filed August 16, 2018] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

IT IS ORDERED.

DATED: March 27, 2019

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge